S. P. v St. Barnabas Hosp. (2020 NY Slip Op 01283)





S. P. v St. Barnabas Hosp.


2020 NY Slip Op 01283


Decided on February 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 25, 2020

Friedman, J.P., Richter, Webber, Singh, JJ.


350072/11 -11103B 11103A 11103

[*1] S. P., Infant Under the Age of fourteen years, etc., et al., Plaintiffs-Appellants,
v
St. Barnabas Hospital, et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, New York (Brian J. Isaac of counsel), for appellants.
Garbarini & Scher, P.C., New York (William D. Buckley of counsel), for St. Barnabas Hospital, respondent.
Bartlett LLP, Garden City (Robert G. Vizza of counsel), for Quarry Road Emergency Service, P.C., and Eric C. Appelbaum, D.O., respondents.



Order, Supreme Court, Bronx County (Joseph R. Capella, J.), entered on or about July 5, 2018, which granted defendants Quarry Road Emergency Service, P.C. and "John" Applebaum's motion for summary judgment dismissing the complaint as against them, and order (same court, Robert T. Johnson, J.), entered on or about November 26, 2018, as amended by order entered on or about January 18, 2019, which granted defendant St. Barnabas Hospital's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs. Appeal from order entered on or about November 26, 2018, unanimously dismissed, without costs, as superseded by the January 18, 2019 order.
Plaintiff alleges that defendants' failure to detect and remove a watch battery that was lodged in the infant plaintiff's right nostril on January 9, 2010, resulted in its remaining in place until January 12, 2010, causing further injuries to his nose. Defendants established prima facie entitlement to summary judgment by presenting evidence, including the testimony of Dr. Applebaum and Dr. Maria Rosero, who both examined the infant plaintiff on January 9, 2010, that the battery was not present when they treated the infant on that date and examined him with an otoscope and nasal speculum.
In opposition, plaintiff failed to raise a triable issue. Her experts' opinions that edema hindered visualization on January 9 were contradicted by the record, namely the testimony by Dr. Rosero, and otherwise speculative (see Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]; Fleming v Pedinol Pharmacal, Inc., 70 AD3d 422, 422 [1st Dept 2010]). One expert's opinion that the extent of the nasal perforation made by the battery indicated that it had been in the nose for several days did not contradict defendants' showing, because the battery could have been placed soon after treatment on January 9. The infant's symptoms after his treatment on January 9, did not raise a triable issue of fact because they were not interpreted by plaintiff's experts or any other doctor as demonstrating that the battery was present when the infant was treated by defendants. Moreover, the symptoms do not indicate that the battery was placed in the nose before the treatment on January 9. We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 25, 2020
CLERK